UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANICE GERGENTI,

    Plaintiff,

v.                                                   Case No.:  2:20-cv-428-FtM-38MRM

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson's Motion to Dismiss and Incorporated Memorandum of Law filed on September 2, 2020. (Doc. 14).  Plaintiff Janice Gergenti ("Gergenti") responded in opposition on September 16, 2020.  (Doc. 19).  For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This is a negligence and strict liability action arising from the implantation of a faulty pelvic mesh product (Gynecare TVT Secur) manufactured by Defendants.  (Doc. 1 at ¶ 19).  Before the device, Gergenti suffered from stress urinary incontinence.  (*Id.* at ¶ 20).  Seeking relief from her incontinence, her doctor surgically placed the pelvic mesh.  (*Id.* at ¶ 19).  After the surgery, Gergenti experienced several complications, including mesh erosion and pelvic floor damage.  (*Id.* at ¶ 34).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Three months ago, Plaintiff sued Defendants for failure to warn, strict liability, negligence, negligent misrepresentation, and gross negligence. Now, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). They argue (1) the Complaint is an impermissible shotgun pleading, (2) Plaintiff's strict liability and negligence claims fail under Florida law, and (3) Plaintiff's negligent misrepresentation claim fails to satisfy the heightened-pleading standards under Federal Rule Civil Procedure 9(b). Although the Court is not persuaded by all of Defendants' arguments – their claims that the Complaint is a shotgun pleading and fails to satisfy Rule 9(b) – carry the day.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party fails to plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)).

2

## DISCUSSION

First, Defendants argue the Complaint constitutes a shotgun pleading because it (1) incorporates each count into the preceding count and (2) improperly lumps both Defendants under each count without specifying which Defendant committed what act. (Doc. 14 at 5-6). The Court agrees.

Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Problems arise when a plaintiff does not follow these rules. And a shotgun pleading is such a problem.

There are four impermissible shotgun pleadings, two of which are at issue here. The first type is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (footnote omitted). The next shotgun pleading "assert[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1322.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* (internal quotes and citation omitted). And they fail "to give the defendants adequate

3

notice of the claims against them and the grounds upon which each claim rests." *Weiland, 792 F.3d at 1323* (footnote omitted).

The Complaint is a textbook shotgun pleading. Each count adopts the allegations of each proceeding count. (Doc. 1 at 10-17). The Complaint also mixes several claims against the two Defendants without specifying which Defendant is responsible for which acts or omissions. Because the Complaint contravenes pleading rules, Defendants (and the Court) cannot decipher which factual allegations and which asserted claims are attributable to which Defendant. The Court will thus require Plaintiff to replead her claims.

Next, Defendants contend Plaintiff's negligent misrepresentation claim fails to satisfy the heightened pleading rules under Fed. R. Civ. P. 9(b).[2] Under this rule, a party alleging fraud must "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). And this pleading requirement applies to actions for negligent misrepresentation brought under Florida law. *See Linville v. Ginn Real Estate Co.,* 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) (citation omitted). To satisfy Rule 9(b), a complaint must allege facts about the "time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.,* 671 F.3d 1217, 1222 (11th Cir.2012) (internal quotation marks omitted).

---

[2] Defendants also argue Plaintiff's negligent misrepresentation count is duplicative of her failure to warn claim. (Doc. 14 at 11-12). Yet whether the failure to warn claim subsumes Plaintiff's claim for negligent misrepresentation is better resolved at summary judgment. The Court thus denies the motion to dismiss on that ground.

The Court finds Count IV does not satisfy Rule 9(b). It lacks any specifics about the time, place, and substance of Defendants' fraud. Therefore, Count IV is due to be dismissed.

Last, Plaintiff titles Count VI as a claim for punitive damages. (Doc. 1 at 17-19). But punitive damages are a form of damages, not a claim for relief. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999) ("It is clear, however, that a request for punitive damages is not a 'claim' within the meaning of 8(a)(2); it is only part of the relief prayed for in a claim."), opinion vacated in part on reh'g, 204 F.3d 1069 (11th Cir. 2000). Consequently, because Count VI is not proper, it is due to be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 14) is **GRANTED in part and DENIED in part to the extent above.**

1. Plaintiff Janice Gergenti's Complaint (Doc. 1) is **DISMISSED** on shotgun pleading and substantive grounds.

2. Count VI is **DISMISSED with prejudice**. **Plaintiff has leave to amend all other counts.**

3. Plaintiff may file an Amended Complaint **on or before October 7, 2020. If no Amended Complaint is filed, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6