UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANICE GERGENTI,

    Plaintiff,

v.                                                                              Case No.: 2:20-cv-428-FtM-38MRM

ETHICON, INC. and JOHNSON & JOHNSON,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss the First Amended Complaint (Doc. 29) and Plaintiff Janice Gergenti's response in opposition (Doc. 30). For the below reasons, the Court grants the motion.

This is a products liability action. Defendants have designed, patented, manufactured, labeled, marketed, sold, and distributed a pelvic mesh medical device that was surgically implanted in Gergenti. (Doc. 25 at ¶¶ 19-21). The device, however, has harmed Gergenti. And she sues Defendants because of that harm.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Gergenti initially filed a six-count complaint, which Defendants moved to dismiss, and the Court granted. (Doc. 23). Specifically, the Court dismissed with prejudice the punitive damages claim, dismissed without prejudice the other claims on shotgun pleading grounds, and noted the negligent misrepresentation claim was not properly pled. (Doc. 23 at 4-5). Gergenti then filed the First Amended Complaint alleging four claims: failure to warn, strict liability, negligence, and gross negligence claims. (Doc. 25).

Defendants again move to dismiss the First Amended Complaint as an impermissible shotgun pleading.[2] For Gergenti's part, she argues that she remedied the shotgun complaint so that each of the four counts specifically identified both Defendants and each count is no longer incorporated in any of the other counts.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff must "give the defendant fair notice of what the claim is . . . and the grounds

---

[2] Defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) the strict liability and negligence claims to the extent that they allege manufacturing defects. But because Gergenti is not claiming a manufacturing defect, (Doc. 30 at 10), the Court need not address that argument.

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original; internal quotations omitted).

When a plaintiff violates these basic pleading rules—*e.g.*, by filing a "shotgun pleading"—problems arise for litigants and judges. *See Moore v. San Carlos Park Fire Prot. & Rescue*, No. 2:17-CV-546-FtM-99MRM, 2018 WL 490473, at *1 (M.D. Fla. Jan. 19, 2018) ("A problem arises when a plaintiff fails to follow the rules"). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal citations omitted). "They waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Id.* (cleaned up). Most importantly, shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (footnote omitted). Whenever a party files a shotgun pleading, courts should require the plaintiff to replead. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014).

After reviewing the parties' arguments, the record, and the applicable law, the Court dismisses the First Amended Complaint as a shotgun pleading. Although Gergenti corrected some deficiencies previously identified with the First Amended Complaint, she did not fix everything. The First Amended

Complaint continues to contain conclusory, vague, and immaterial facts. *See Weiland*, 792 F.3d at 1321. For example, it broadly collectively defines the medical device implanted in Gergenti with at least five other discrete products and makes vague references to other pelvic mesh products potentially intended to be included in the definition of "Pelvic Mesh Products." (Doc. 25 ¶¶ 12–19) ("The products known as Prolene Mesh, UltraPro Mesh, Gynemesh, Prolift, Prolit+M, and TVT, as well as any as yet unidentified pelvic mesh products designed and sold for similar purposes . . . are collectively referenced herein as Defendants' Pelvic Mesh Products or the Pelvic Mesh Products."). It goes without saying that medical devices not implanted are irrelevant to her claims. Yet that is what the First Amended Complaint does. Gergenti bases her claims on a "Pelvic Mesh Product," apparently not distinguishing the relevant Gynecare TVT Secur from other products allegedly manufactured, designed, marketed, or sold by Defendants. (Doc. 25 at ¶¶ 21, 23–39, 41–42, 44, 50, 56–59, 61–64, 66). The use of this collective definition in describing the relevant product upon which Gergenti's claim rests creates unnecessary ambiguity. Gergenti's failure to adequately describe the medical device at issue in this products liability case makes it difficult, if not impossible, for Defendants to properly respond. The Court thus dismisses the First Amended Complaint as an impermissible shotgun pleading. The Court, however, will grant Gergenti leave to file a second amended complaint.

Accordingly, it is now

**ORDERED:**

Defendants Ethicon, Inc. and Johnson & Johnson's Motion to Dismiss the First Amended Complaint (Doc. 29) is **GRANTED**.

1. The First Amended Complaint (Doc. 25) is **DISMISSED without prejudice**.

2. Gergenti may filed a second amended complaint on or before **January 4, 2021**. **Failure to do so may result in the closing of this action without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 28, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5